# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AZIZA KINNEY, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:20-cv-02167-GMN-DJA |
| vs. ) | |
| ) | **ORDER** |
| GEICO CASUALTY COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant GEICO Casualty Company's ("Defendant's") Motion to Dismiss, (ECF No. 8). Plaintiff Aziza Kinney ("Plaintiff") filed a Response, (ECF No. 10), and Defendant filed a Reply, (ECF No. 11).

Also pending before the Court is Defendant's Motion to Stay Case, (ECF No. 9). Plaintiff filed a Response, (ECF No. 10), and Defendant filed a Reply, (ECF No. 11).

For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss and **DENIES** Defendant's Motion to Stay Case.

## I.  BACKGROUND

This case arises from an insurance coverage dispute. Plaintiff alleges that on June 22, 2019, he was rear-ended by at-fault, non-party driver, Arthur Drain, resulting in serious injuries to Plaintiff. (First Amended Compl. ("FAC") ¶ 9, Ex. B to Pet. Removal, ECF No. 1-1). Because Plaintiff's medical bills exceeded $25,000.00, Plaintiff submitted a claim with her insurer, GEICO, for the maximum underinsured motorist (UIM) benefits under the Policy. (*Id*. ¶ 16). At the time, Plaintiff believed her UIM benefits to be at least, or greater than, $65,000.00 based on the details of the accident and the nature and extent of Plaintiff's injuries. (*Id*.). Plaintiff alleges that she suffered serious and permanently disabling physical and

psychological injuries, including, but not limited to, cervical sprain/strain, thoracic sprain/strain, cervical posterior facet syndrome, thoracic posterior facet syndrome, and post traumatic headaches. (*Id.* ¶ 10). She has incurred medical expenses in excess of $21,000.00 and her anticipated future medical expenses include the costs of psychological treatment, cognitive behavioral therapy, and biofeedback therapy. (*Id.*).

From February 2020 to May 2020, Plaintiff alleges that she repeatedly requested that GEICO provide Plaintiff with benefits up to the full amount of the UIM coverage limit. (*Id.* ¶ 18). Defendant allegedly offered $1,300.00 to settle Plaintiff's UIM claim. (*Id.* ¶ 20). Plaintiff claims that on April 14, 2020, she demanded a final claims decision for an undisputed amount in light of Defendant's settlement offer of $1,300.00. (*Id.* ¶ 18). Defendants allegedly refused to consider Plaintiff's requests, including the request for payment of any undisputed amount pursuant to NAC 686A.675(7). (*Id.* ¶ 19).

On October 7, 2020, Plaintiff filed the instant action in Nevada state court. (*See* Compl., Ex. A to Pet. Removal, ECF No.1-1). In the Complaint, Plaintiff alleges three causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) breach of the Nevada Unfair Claims Practices Act, NRS 686.310. (*Id.* ¶¶ 14–39). Plaintiff later amended her Complaint on October 12, 2020. (*See* FAC, ECF No. 1-1). On November 25, 2020, Defendant removed the action to federal court on the basis of diversity jurisdiction. (Pet. Removal, ECF No. 1). Defendant now seeks dismissal of Plaintiff's bad faith and unfair claims practices causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss ("MTD") 2:24–4:1, ECF No. 8). Alternatively, Defendant moves to bifurcate said claims and stay claims for bad faith. (Mot. Bifurcate and Stay ("Mot. Stay"), ECF No. 9).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant

to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

### III. DISCUSSION

Defendant does not move to dismiss Plaintiff's breach of contract claim. Thus, the Court will not address that claim here. Defendant, however, makes several arguments as to why Plaintiff's bad faith and unfair claims practices causes of action should be dismissed. The Court addresses these arguments below.

#### A. Breach of the Implied Covenant of Good Faith and Fair Dealing

##### i. Genuine Dispute Doctrine

Defendant first argues that Plaintiff fails to allege a plausible claim of "bad faith" because it had a reasonable basis for denying Plaintiff's claim pursuant to the Genuine Dispute Doctrine. (MTD 6:27–7:11). To support this proposition, Defendant cites numerous cases in which the Court granted the defendants' motions for summary judgment and dismissed the plaintiffs' respective bad-faith claims. *See, e.g., Pioneer Chlor Alkali Co.*, 863 F. Supp. 1237 (D. Nev. 1994); *Gutting v. Am. Family Fin. Services, Inc.*, No. 2:15-cv-02216-GMN-CWH, 2017 U.S. Dist. LEXIS 45577, 2017 WL 1159722, at *4 (D. Nev. Mar. 28, 2017); *Williams v. Am. Family Mut. Ins. Co.*, No. 2:09-cv-00675-KJD-VCF, 2012 U.S. Dist. LEXIS 61819, 2012 WL 1574825 (D. Nev. May 2, 2012). But this case does not come before the Court on a motion for summary judgment. Rather, Defendant moves to dismiss Plaintiff's bad faith claim at the onset of litigation.

There is no evidence before the Court regarding the pre-litigation dispute between Plaintiff and Defendant. Therefore, the Court cannot yet say whether that dispute is genuine.

*See Tracey v. Am. Family Mut. Ins. Co.*, No. 2:09-cv-01257-GMN-PAL, 2010 U.S. Dist. LEXIS 93690, 2010 WL 3613875, at *2, *3 (D. Nev. Sept. 8, 2010) (noting that "a bad faith claim should be dismissed on summary judgment if the defendant demonstrates that there was a genuine dispute as to coverage[,]" and denying summary judgment to the insurer because the evidence before the court suggested the insurer's investigation was unreasonable) (emphasis added) (citations omitted). Ruling on Plaintiff's claim under the genuine dispute doctrine is premature at this stage in the litigation.

###### ii. Failure to State a Claim

Defendant further argues that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff fails to "plead both an objective and subjective element to state a cause of action for breach of the implied covenant of good faith and fair dealing." (MTD 8:24–28). In short, Defendant asserts that Plaintiff merely disputes Defendant's valuation of her claim, which is insufficient to demonstrate "bad faith." (*Id.* 5:14–16).

Under Nevada law, breach of the implied covenant of good faith and fair dealing can give rise to a tort when a special relationship exists between the parties to the contract, such as the relationship between an insurer and the insured. *Insurance Co. of the West v. Gibson Tile Co., Inc.*, 122 Nev. 455, 134 P.3d 698, 702 (Nev. 2006). In the insurance context, this tort is commonly referred to as a claim for "bad faith." *See id.* at 703. "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'" *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (quoting *United States Fidelity & Guar. Co. v. Peterson*, 91 Nev. 617, 540 P.2d 1070, 1071 (Nev. 1975)). To constitute a denial "without proper cause," an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 102 Nev. 601, 729 P.2d 1352, 1354 (Nev. 1986) (citing *Peterson*, 540 P.2d at 1070). In other words, an insurer's incorrect

determination that coverage does not exist under a particular policy is not an actionable tort, unless there was no reasonable basis for that determination. *Pioneer*, 863 F. Supp. at 1242.

Here, Plaintiff provides sufficient facts to allege a plausible claim of "bad faith." Plaintiff alleges that she sent detailed letters to GEICO on February 4, 2020; March 31, 2020; April 14, 2020; and May 4, 2020. (FAC ¶ 18). In those letters, Plaintiff repeatedly requested a fair and equitable claims decision and provided facts supporting her evaluation of damages. (*Id.*). Plaintiff alleges that Defendant, in response, failed to adequately investigate her claim and refused to consider her request for payment, including any undisputed amount pursuant to NAC 686A.675(7). (*Id.* ¶¶ 19, 25). In sum, Plaintiff claims that GEICO unreasonably denied Plaintiff's claim by failing to adequately investigate Plaintiff's claim and failing to respond to Plaintiff's requests for a claims decision. (*Id.* ¶¶ 18, 25). Such alleged facts present sufficient facts to find a plausible claim for "bad faith" and not merely a "dispute of valuation" as Defendant asserts. Accepting the Complaint's factual allegations as true and construing the pleadings in the light most favorable to the nonmoving party, as the Court must do at this stage, the Court finds Plaintiff sufficiently alleges a claim for bad faith. Defendant's Motion to Dismiss is thus denied as to this claim.

### B. Unfair Claims Practices Act

Defendant argues that Plaintiff insufficiently alleges violations of the Unfair Claims Practices Act because Plaintiff merely recites the pertinent statutory language without providing any factual allegations. (MTD 9:22–27). NRS § 686A.310(1)(e) deems it an unfair trade practice and imposes civil liability on an insurer for "[f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." This statute concerns the manner in which an insurer handles an insured's claim. *See Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F.Supp.2d 1223, 1236 (D. Nev. 2010). Plaintiff's allegations regarding this cause of action are that Defendant misrepresented pertinent

facts or insurance policy provisions under NRS § 686A.310(1)(a); Defendant failed to promptly investigate and process Plaintiff's claims under NRS § 686A.310(1)(c); Defendant had a duty to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim under NRS § 686A.310(1)(e), which it failed to do; Defendant attempted to settle Plaintiff's claims for an unreasonable amount under NRS 686A.310(1)(g); and Defendants failed to promptly provide Plaintiff with a reasonable explanation regarding Plaintiff's denied claim under NRS § 686A.310(1)(n). (Compl. ¶ 35).  These allegations are nothing more than a verbatim recitation of the language from NRS § 686A.310(1), which is precisely what the Supreme Court held to be insufficient for stating a claim in *Twombly* and *Iqbal*.  Accordingly, the Court dismisses without prejudice Plaintiff's claims arising under the Nevada Unfair Claims Practices Act.[1]

///

---

[1] Though Defendant names the motion as a "Motion to Dismiss, or in the alternative, to Sever/Bifurcate and to Stay Claims for Bad Faith," Defendant does not address bifurcation or a stay in the motion itself.  The Court thus denies Defendant's request to bifurcate and otherwise stay the bad faith claim.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 8), is **GRANTED in part** and **DENIED in part**. Claim Three of the Complaint is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Case, (ECF No. 9), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to amend. If Plaintiff seeks to amend claims dismissed without prejudice, Plaintiff shall file an amended complaint within twenty-one (21) days from the entry of this order. Failure to file an amended complaint by this date shall result in the Court dismissing with prejudice Plaintiff's third cause of action.

**DATED** this __30__ day of July, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court