McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
JONATHAN W. CARLSON, ESQ.
Nevada Bar No. 10536
  *Jonathan.Carlson@mccormickbarstow.com*
CHERYL A. GRAMES, ESQ.
Nevada Bar No. 12752
  *Cheryl.Grames@mccormickbarstow.com*
STACY NORRIS, ESQ.
Nevada Bar No. 15445
  *Stacy.Norris@mccormickbarstow.com*
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113
Telephone:  (702) 949-1100
Facsimile:  (702) 949-1101
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AZIZA KINNEY, | CASE NO.   2:20-cv-2167-GMN-DJA |
| Plaintiff, | **JOINT PRE-TRIAL ORDER** |
| v. | |
| GEICO CASUALTY COMPANY; AND DOES 1 THOUGH 100, INCLUSIVE, | |
| Defendants. | |

After pretrial proceedings in this case,

IT IS SO ORDERED:

**I.**

**This is an action for:**

This is an action for breach of contract and for breach of the implied covenant of good faith and fair dealing arising out of an insurance policy for underinsured motorist ("UIM") coverage.

Plaintiff's Second Amended Complaint brings forth causes of action against Defendant for breach of contract, breach of the implied covenant of good faith and fair dealing by bad faith refusal to pay policy, and breach of statutory duties based on damages Plaintiff alleges arise out of injuries sustained in an automobile accident occurring on or about June 22, 2019.

Plaintiff's Second Amended Complaint seeks relief in the form of special, general, and compensatory damages; punitive and exemplary damages; and, for costs of suit and for such other and further relief as the Court considers proper.

Defendant filed a Motion for Summary Judgment on Plaintiff's Second and Third Causes of Action on April 25, 2022 (ECF No. 30). Plaintiff filed a Motion for Partial Summary Judgment on April 25, 2022 as to the issue of liability for a breach of contract and as to unfair claims practices (ECF No. 31). The Court GRANTED summary judgment for Defendant as to Plaintiff's third cause of action (breach of statutory duties) only (ECF No. 40). The Court DENIED Plaintiff's Motion for Partial Summary Judgment in its entirety (Id.).

Defendant submits it has not breached the policy with Plaintiff in relation to any UIM benefits, and that Defendant handled Plaintiff's claim for UIM benefits in accordance with the terms, conditions, amendments, endorsements, provisions, limitations, and exclusions of the subject policy as well as in accordance with Nevada law.

**II.**

**Statement of jurisdiction:**

This action originated when Plaintiff filed her Complaint in the Eighth Judicial District, Clark County, Nevada on October 7, 2020. Defendant timely removed the action on November 25, 2020 based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §1441(b). The subject motor vehicle accident occurred on June 22, 2019 in Clark County, Nevada, but the parties have different citizenship and the amount in controversy exceeds $75,000.

**III.**

**The following facts are admitted by the parties and require no proof:**

1. Plaintiff was involved in a motor vehicle accident on June 22, 2019;
2. The underlying tortfeasor was insured under a policy that provided up to $25,000 per person in bodily injury liability benefits for which Defendant is entitled to claim an offset;
3. At the time of the subject motor vehicle accident, Plaintiff was insured by Defendant with UIM benefits limits of up to $25,000.00 per person and $50,000.00 each

occurrence. The policy provisions are incorporated herein by this reference; and,

4. On or about February 4, 2020, Plaintiff demanded payment of her UIM policy limit.

5. On June 22, 2019, Plaintiff's vehicle was rear-ended by a vehicle driven by non-party Arthur Drain (the underlying tortfeasor) while she was driving the insured 2016 Nissan Versa vehicle, resulting in personal injury to Plaintiff.

6. The tortfeasor was 100% at fault for the accident.

7. The tortfeasor's insurance carrier accepted full responsibility for the accident on behalf of Arthur Drain and tendered its bodily injury liability policy limit of $25,000.00 to Plaintiff.

## IV.

**The following facts, though not admitted, will not be contested at trial by evidence to the contrary:**

1. Pursuant to the Court's Order as to the Parties' Motions for Partial Summary Judgment (ECF 40), the following facts will not now be contested at trial:

   a. That GEICO's communications with its insured were prompt.

## V.

**The following are the issues of fact to be tried and determined at trial:**

**Plaintiff's Issues of Fact to be Tried and Determined at Trial:**

1. On February 4, 2020, Plaintiff's letter demanded payment of her $25,000.00 UIM policy limit.

2. The letter included a 09/17/2019 report from Dr. Bauman indicating the need for future treatment which consisted of 12 sessions of Cognitive Behavioral Therapy and Biofeedback Therapy.

3. Aubuchon did not have Kinney's medical records reviewed by any healthcare professional, doctor, psychologist, or psychiatrist.

4. Aubuchon did not seek an IME of Kinney.

5. On February 10, 2020, Geico/Leigh Aubuchon Set Initial BI Reserve to $1,545.00.

6. As of February 27, 2020, Aubuchon's authority was $15,000.00.

7. On February 27, 2020, GEICO/Leigh Aubuchon sets BI Reserve to $2,590.00.

8. On February 27, 2020, GEICO offered Kinney $359.01

9. The $359.01 offer was below Aubuchon's $15,000.00 authority and was below the existing $2590 reserve on the claim.

10. On April 2, 2020, the offer was increased to 1,300.00, the reserve at that time was $2,590.00.

11. Section V-I of Geico's Claim Manual, "Compensatory Damages", provides, in part, that "Compensatory damages can include future medical expenses and compensation for pain and suffering, loss of enjoyment of life, scarring, and permanency."

12. As of October 20, 2020, the date of commencement of this action, GEICO had failed to pay any UIM benefits to Kinney.

13. As of the present, GEICO has failed to pay any UIM benefits to Kinney.

14. Did Defendant breach the contract to pay UIM policy benefits to Plaintiff? And whether Plaintiff sustained damages as a result of Defendant's breach of contract for "UIM" benefits, and the nature and amount of those damages.

15. Did Defendant breach its implied covenant of good faith and fair dealing in its dealings with Plaintiff?

16. Was Defendant's conduct unreasonable in failing to consider that Plaintiff still requires medical treatment which could cost up to $15,000, which was not calculated, investigated, or considered in determining the value of the claim?

17. Did Defendant breach its contract and/or duty of good faith and fair dealing when it failed to request an IME of Plaintiff? The Jury must determine if Defendant's failure to ask for an IME was reasonable.

18. Did Defendant breach its contract and/or duty of good faith and fair dealing when it refused to determine the undisputed value of Ms. Kinney's claim? The Jury must determine if Defendant acted reasonably when it refused to make a final claims decision as to an undisputed amount and subsequently deny paying Plaintiff any amount.

19. Whether Defendant, in valuing the amount of Plaintiff's damages, conducted a reasonable, thorough, investigation, under all the circumstances shown by the evidence, fully inquiring

into all possible bases which might support the amount of Plaintiff's claim.

20. Whether Defendant, in valuing the amount of Plaintiff's damages, failed to conduct a reasonable investigation.

21. Whether Defendant, in valuing the amount of Plaintiff's damages, acted unreasonably.

22. Whether Plaintiff suffered damages as a result of any conduct of Defendant upon which a finding of liability is based, and the nature, extent, and amount of those damages.

23. Whether Plaintiff is entitled to recover damages for the unpaid UIM policy benefits, and the amount of those damages.

24. Whether Plaintiff is entitled to recover damages for mental distress for breach of the implied covenant of good faith and fair dealing, and the amount of those damages.

25. Whether Plaintiff is entitled to recover damages for attorneys' fees, and the amount of those damages.

26. Whether the evidence is clear and convincing that the defendant has been guilty of oppression, fraud, or malice, express or implied.

27. Whether Plaintiff is entitled to recover punitive damages pursuant to Nevada Revised Statutes, Section 42.005(2)(b), and the amount of those damages.

28. Whether Defendant's offers were unreasonable and made with knowledge that they were unreasonable based on the information presented prior to litigation.

29. Whether Defendant followed its own claims manual and Claims IQ recommendations when evaluating Plaintiff's claim.

30. Was Defendant's conduct unreasonable in failing to seek review of Plaintiff's medical and psychological records by a doctor until after litigation commenced.

**Defendant's Issues of Fact to be Tried and Determined at Trial:**

1. The amount, if any, of UIM benefits to which Plaintiff is entitled as a result of the subject motor vehicle accident.

2. Whether Defendant's investigation, processing, and evaluation of Plaintiff's UIM claim was thorough and fair without having sought a review of Plaintiff's medical and psychological records by a doctor until after litigation commenced.

3. The amount, if any, of damages Plaintiff sustained as a result of Defendant not having sought a review of Plaintiff's medical and psychological records by a doctor until after litigation commenced.

4. The amount, if any, of punitive damages to be awarded.

**VI.**

**The following are the issues of law to be tried and determined at trial:**

Plaintiff contends that the following are the issues of law to be tried and determined upon trial. To the extent that any of the matters set forth above under the category "Plaintiff's Contention of Issues of Fact to be Tried" are considered issues of law, Plaintiff hereby incorporates such matters by reference.

**Plaintiff's Issues of Law to be Tried and Determined at Trial:**

1. Whether Defendant breached the contract for "UIM" benefits.

2. Whether Plaintiff sustained damages as a result of Defendant's breach of contract for "UIM" benefits, and the nature and amount of those damages.

3. Whether Defendant breached its implied duty of good faith and fair dealing as to Plaintiff by failing to conduct a fair, reasonable, and thorough investigation of the value and amount of Plaintiff's damages.

4. Whether Defendant's offers were unreasonable and made with knowledge that they were unreasonable based on the information presented prior to litigation.

5. Whether Plaintiff sustained damages as a result of Defendant's breach of its implied covenant of good faith and fair dealing as to Plaintiff, and the nature and amount of such damage.

6. Whether Plaintiff is entitled to recover damages for attorneys' fees, pursuant to Nevada Revised Statutes 18.010(2)(b).

7. Whether Plaintiff is entitled to recover damages for prejudgment interest.

8. Whether Plaintiff is entitled to recover damages for punitive damages pursuant to Nevada Revised Statutes, Section 42.005(2)(b).

9. Whether the evidence is clear and convincing that the defendant has been guilty of oppression, fraud, or malice, express or implied.

**Defendant's Issues of Law to be Tried and Determined at Trial:**

1. Whether Plaintiff can seek damages for a breach of contract above the $25,000 per person policy limit.

2. Whether Defendant had a reasonable basis to support its claims handling decisions.

3. Whether seeking a review of Plaintiff's medical and psychological records by a doctor only after litigation commenced is a failure to thoroughly and fairly investigate Plaintiff's UIM claim.

4. Whether Defendant's claims handling, by not having sought a review of Plaintiff's medical and psychological records by a doctor until after litigation commenced, was malicious.

3. Whether Defendant's claims handling, by not having sought a review of Plaintiff's medical and psychological records by a doctor until after litigation commenced, was oppressive.

4. Whether Defendant not having sought a review of Plaintiff's medical and psychological records by a doctor until after litigation commenced was fraudulent.

5. Whether Defendant's claims handling, by not having sought a review of Plaintiff's medical and psychological records by a doctor until after litigation commenced, was willful, intentional and done in reckless disregard of the consequences to Plaintiff and a conscious disregard for the rights of Plaintiff thereby subjecting her to cruel and unjust hardships.

**VII.**

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

1. American Family Release and Indemnity Agreement (5-6, AMFAM 347-348)

2. GEICO Casualty Company Declarations and Policy (POLICY 1-31)

3. Traffic Crash Report (AMFAM 125-130)

7

4. Accident Scene Photos (306-309)
5. Caliber Collision Estimate, Supplements 1 and 2, and Final Bill (AMFAM 4-7, 69-72, 79-82, 89-93)
6. Claim File:
   a. Claim File Documents (CLAIMS 1-349)
   b. Claim Notes (CLAIMS 350-442)
   c. Claim CIQ (CLAIMS 443-473)
7. Claim Correspondence:
   a. Letter from Asberom & Brown to GEICO dated 06/25/19 (CLAIMS 274)
   b. Letter from GEICO to Asberom & Brown dated 06/26/19 (1-2, CLAIMS 284-285)
   c. Letter from Asberom & Brown to GEICO dated 02/04/20 (11-15, CLAIMS 30-31)
   d. Letter from GEICO to Asberom & Brown dated 02/11/20 (CLAIMS 275)
   e. Letter from GEICO to Asberom & Brown dated 02/12/20 (CLAIMS 342-343)
   f. Letter from GEICO to Asberom & Brown dated 02/27/20 (16-18, CLAIMS 276-277)
   g. Letter from GEICO to Asberom & Brown dated 03/26/20 (CLAIMS 278)
   h. Letter from Asberom & Brown to GEICO dated 03/31/20 (19-20, CLAIMS 3-4)
   i. Letter from GEICO to Asberom & Brown dated 04/02/20 (21-23, CLAIMS 279-280)
   j. Letter from Asberom & Brown to GEICO dated 04/15/20 (24-25, CLAIMS 5-6)

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

        k.      Letter from GEICO to Asberom & Brown dated 04/15/20 (26-27, CLAIMS 281)

        l.      Letter from Asberom & Brown to GEICO dated 05/04/20 (28, CLAIMS 272-273)

        m.      Letter from GEICO to Asberom & Brown dated 05/05/20 (29, CLAIMS 282)

        n.      Letter from GEICO to Bryan Kinney Brown dated 05/21/20 (30, CLAIMS 283)

        o.      Letter from GEICO to Asberom & Brown dated 06/03/20 (CLAIMS 270)

        p.      Letter from GEICO to Asberom & Brown dated 07/10/20 (31, CLAIMS 286)

8.   Medical Records and Bills:

        a.      Medical Records, Bills and Films: University Medical Center (32-107, UMC 1-38)

        b.      Bills: EMP of Clark McCourt PLLC (108-111, EMP 1-3)

        c.      Medical Records, Bills and Films: The Neck & Back Clinics (155-271, NECK & BACK 1-119)

        d.      Medical Records and Bills: Medical Associates of Southern Nevada / Primary Care Consultants (272-304, MEDICAL ASSOC 1-109)

        e.      Medical Records and Bills: Baumann & Associates (112-154, BAUMANN 1-43)

        f.      Medical Records: Nevada Health Centers aka Martin Luther King Family Health Center (NV HEALTH 1-333)

        g.      Pharmacy Records: CVS Pharmacy (CVS 1-8)

        h.      Pharmacy Records: Walgreens (WALGREENS 1-11)

        i.      Pharmacy Records: Walmart (WALMART 1-4)

9.   GEICO Claims Handling Materials:

a. 2016 GEICO Claims Handling Manual (000001-000075)

b. GEICO Training Manual (000001-000003)

10. Plaintiff's Responses to Defendant's Discovery Requests

11. Defendant's Responses to Plaintiff's Discovery Requests

(b) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

GEICO's Annual Statement for 2020: Not relevant, more prejudicial than probative, and lack of foundation.

Medical Records: Nevada Health Center aka Martin Luther King Family Center (NV HEALTH 1-333), Pharmacy Records: CVS Pharmacy (CVS 1-8), Pharmacy Records: Walgreens (Walgreens 1-11), Pharmacy Records: Walmart (WALMART 1-4): Lack of foundation; Hearsay; Prejudicial and confusing.

(c) Electronic evidence: The parties do not intend to present any electronic evidence for purposes of jury deliberations at this time.

(d) Depositions: At this time, the parties do not anticipate any deponent being unavailable at the time of trial. For impeachment purposes or to the extent a witness who was deposed becomes unavailable at the time of trial, the following deposition transcripts may be used at the time of trial or for permissible impeachment or rebuttal purposes:

Aziza Kinney – 4/22/21

Sherri McGinnis – 2/8/22

Leigh Aubuchon – 2/16/22

GEICO Corporate Representative, Christopher Teves – 2/28/22

(e) Objections to Depositions: Consistent with the rules of witness unavailability, the parties object to the use of deposition transcripts and videotaped depositions of any witnesses offered by the parties to the extent allowable by the rules of evidence.

## VIII.

The following witnesses may be called by the parties at trial:

1.    Aziza Kinney
   c/o Asberom & Brown, LLC
   2211 Paradise Road
   Las Vegas, NV 89104

2.    Corporate Representative
   GEICO Casualty Company
   930 North Finance Center Drive
   Tucson, AZ 85710

3.    Leigh Aubuchon
   GEICO Casualty Company
   930 North Finance Center Drive
   Tucson, AZ 85710

4.    Sherri McGinnis
   GEICO Casualty Company
   930 North Finance Center Drive
   Tucson, AZ 85710

5.    Christopher Teves
   GEICO Casualty Company
   930 North Finance Center Drive
   Tucson, AZ 85710

6.    Bret Adams
   GEICO Casualty Company
   930 North Finance Center Drive
   Tucson, AZ 85710

7.    Janet E. Baumann, Ph.D.
   501 South Rancho Drive, Suite F-27
   Las Vegas, NV 89106

8.    Everette Lee Herndon, Jr.
   7147 Murieta Parkway
   Rancho Murieta, CA 95683

9.    Jeffrey C. Wang, MD
   USC Spine Center
   1450 San Pablo Street, Suite 5400
   Los Angeles, CA 90033

10.   Edward McKinnon
    Claims Resource Management, Inc.
    33345 Santiago Road
    Acton, CA 93510

11.   Howard J. Glidden, Ph.D.
    1660 East Herndon, Suite 150
    Fresno, CA 93720

12.   Judith Kuria, APRN
    Medical Associates of Southern Nevada / Primary Care Consultants
    9975 South Eastern Avenue, Suite 110A

8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

11

|   |   |   |
|---|---|---|
| | | Las Vegas, NV 89123 |
| | 13. | Gary Yang, DC<br>The Neck & Back Clinics<br>8678 West Spring Mountain Road, Suite 130<br>Las Vegas, NV 89129 |
| | 14. | Person(s) Most Knowledgeable and/or Custodian of Records<br>Nevada Health Centers aka Martin Luther King Family Health Center<br>1799 Mt. Mariah Drive<br>Las Vegas, NV 89106 |
| | 15. | Michael Hansen, DO<br>James Peddy, DO<br>University Medical Center<br>1800 West Charleston Boulevard<br>Las Vegas, NV 89102 |

## IX.

The attorneys or parties have met and jointly offer these three trial dates:

October 3, 2023

December 4, 2023

December 11, 2023

The undersign expressly understand that the Court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**X.**

The parties estimate the trial will take a total of five (5) to seven (7) days. Both parties demanded a trial by jury.

APPROVED AS TO FORM AND CONTENT:

DATED this 17th day of May, 2023

ASBEROM & BROWN, LLC

By     */s/ James Leonard Brown*
MONA ASBEROM, ESQ.
Nevada Bar No. 3674
JAMES LEONARD BROWN, ESQ.
Nevada Bar No. 3686
Attorneys for Plaintiff

DATED this 17th day of May, 2023

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By     */s/ Cheryl A. Grames*
JONATHAN W. CARLSON, ESQ.
Nevada Bar No. 10536
CHERYL A. GRAMES, ESQ.
Nevada Bar No. 12752
STACY NORRIS, ESQ.
Nevada Bar No. 15445
Attorneys for Defendant

**XI.**

**ACTION BY THE COURT**

This case is set for ~~court~~/jury trial on the ~~fixed~~/stacked calendar on  December 4 , 2023, at  8:30  a.m. in Courtroom  7D . Calendar call will be held on  November 28 , 2023, at  9:00  a.m. in Courtroom  7D .

DATED this  19  day of  May , 2023.

By  _____
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of May, 2023, a true and correct copy of **PROPOSED JOINT PRE-TRIAL ORDER** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By  /s/ Susan Kingsbury
an Employee of
McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

032193-000192 9120023.1